UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEED UNDERWOOD,

    Petitioner,

v.

RICK JANSEN,

    Respondent.
_____/

Case No. 07-12644

Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 1, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Rasheed Underwood ("Petitioner"), presently confined at Camp Branch in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction on one count of armed robbery, MICH. COMP. LAWS § 750.529, and being a second felony habitual offender, *id.* § 769.10. For the reasons stated below, the petition for writ of habeas corpus will be denied.

**I.    Background**

Petitioner was convicted following a jury trial in the Oakland County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Underwood,* No. 250595 (Mich. Ct. App. Feb. 3, 2005), *lv. den.* 474 Mich. 857, 702 N.W.2d 585 (2005).

Petitioner then filed a post-conviction motion for relief from judgment, pursuant to Michigan Court Rule 6.500. In this motion, Petitioner raised the claims that he raises in his current petition. The trial court denied Petitioner's claims, finding that Petitioner had failed to establish cause and prejudice for failing to raise these claims on his appeal of right, as required by Michigan Court Rule 6.508(D)(3). *People v. Underwood,* No. 02-184147-FC (Oakland Co. Circuit Ct. March 7, 2006). The Michigan appellate courts denied Petitioner relief pursuant to Michigan Court Rule 6.508(D). *People v. Underwood,* No. 269489 (Mich.Ct.App. Oct. 11, 2006), *lv. den.* 477 Mich. 1111, 730 N.W.2d 226 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Conviction obtained by the use of coerced confession.
>
> II. Conviction obtained by a violation of the privilege against self-incrimination.
>
> III. Denial of effective assistance of counsel.
>
> IV. Violation of due process of law on sentencing.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that the claims are barred by procedural default.

**II. Discussion**

Respondent contends that Petitioner's claims are procedurally defaulted, because Petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Michigan Court Rule 6.508(D)(3). Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. MICH. CT. R. 6.508(D)(3).

In the present case, the Oakland County Circuit Court denied Petitioner's post-conviction motion, finding that he had failed to establish good cause, as required by Michigan Court Rule 6.508(D)(3), for failing to raise his claims in his appeal of right. The Michigan appellate courts denied Petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under these circumstances, this Court believes that the Michigan state courts clearly invoked the provisions of Michigan Court Rule 6.508(D)(3) to procedurally bar Petitioner's claims. *See, e.g., Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005)(finding that Michigan Court Rule 6.508 is a an applicable state procedural rule that, if enforced in a petitioner's state court action, constitutes an adequate and independent state ground on which the Michigan state courts may rely on in foreclosing review of federal claims).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless a petitioner can demonstrate "cause" for the

default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-751, 111 S. Ct. 2546, 2565 (1991). In an extraordinary case, however, where a constitutional error has resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-480, 106 S. Ct. 2639, 2641 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 115 S. Ct. 851, 866 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

Petitioner appears to allege ineffective assistance of appellate counsel as cause to excuse his procedural default. *See* Claim III, *supra*. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires

4

such a standard.

*Id.* at 754, 103 S. Ct. at 3314.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536, 106 S. Ct. at 2667 (quoting *Barnes*, 463 U.S. at 751-52, 103 S. Ct. at 3312-13). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that, by omitting the claims that Petitioner raised for the first time in his post-conviction motion in his appeal of right, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel filed a sixteen-page appellate brief, in which he challenged the sufficiency of evidence to convict Petitioner on two separate grounds. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable. Moreover, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners." *Meade,* 265 F. Supp. 2d at 870.

Therefore, Petitioner has failed to establish cause for his procedural default of failing to raise all of his claims on direct review. Furthermore, because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666 (1986).

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims in spite of the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the claims on the merits. *See Sanders v. McKee,* 276 F. Supp. 2d 691, 699 (E.D. Mich. 2003). Petitioner's first, second, and fourth claims are therefore procedurally defaulted. *Id.*

With respect to his third claim, ineffective assistance of appellate counsel, Petitioner could not have procedurally defaulted this claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558 n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1801, 1089 n. 1 (E.D. Mich. 2004). This Court, however, has already concluded that Petitioner has failed to show that appellate counsel was deficient in failing to raise Petitioner's first, second, and fourth claims on appeal. Moreover, Petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise these claims, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on Petitioner's post-conviction motion for relief from judgment and rejected by them. *See Johnson,* 344 F.

Supp. 2d at 1096; *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on Petitioner's motion for post-conviction relief provided him with "an adequate substitute for direct appellate review and therefore any negligence by counsel in the appeal of right did not cause [him] any injury." *Johnson*, 344 F. Supp. 2d at 1096 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). In this case, there is no point in remanding this case to the state courts to reconsider what they have already adversely decided. *Bair v. Phillips*, 106 F. Supp. 2d 934, 943 (E.D. Mich. 2000).

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Rasheed Underwood
#289985
Camp Branch
19 Fourth Street
Coldwater, MI 49036

Brad H. Beaver, A.A.G.